John GORMAN, Plaintiff,

v.

UNIVERSITY OF MIAMI, a Florida
Corporation not for profit, et al.,
Defendants.

No. 76–492–Civ–CA.

United States District Court,
S. D. Florida.

May 19, 1976.

Stephen L. Raskin and Bretan & Marks, Miami, Fla., for defendant Kirsner.

Stephen A. Cahen, Miami, Fla., for plaintiff.

Charles Kline, Miami, Fla., for defendant University of Miami.

ORDER GRANTING SUMMARY
JUDGMENT

ATKINS, District Judge.

This cause is before the Court on motion of all defendants to dismiss the complaint or in the alternative, to grant summary judgment. The issues have been briefed and affidavits having been submitted and the Court having considered the record as it stands in toto, the motion will be treated as one for summary judgment. Rule 12(c), FRCP.

In Count I of his complaint, plaintiff seeks relief under 42 U.S.C. § 2000e et seq. Title VII, Civil Rights Act. Under 42 U.S.C. § 2000e–5(c) and (e), time requirements are established for the filing of claims. Florida, specifically Dade County, Florida has a recognized deferral agency known as Dade County Fair Housing and Employment Appeals Board. See 29 C.F.R. § 1601.12(m) (1975). It was with this deferral agency that plaintiff first filed his claim. 42 U.S.C. § 2000e–5(e) provides that the time for filing a claim with the EEOC can be extended up to 300 days if the plaintiff first files with a recognized state deferral agency. The issue before this Court is whether or not a filing with the deferral board after 180 days from the date of the alleged discrimination is sufficient to

enable plaintiff to claim the benefits of the extended filing time with the EEOC.

It is undisputed that the Dade County Fair Housing and Employment Appeals Board did not consider the charge timely filed. Affidavit of Jan Feagans, ¶ 3. The Miami District Office of the EEOC Commission issued a Notice of Right to Sue on December 13, 1975 because the charging party failed to proceed. Affidavit of Theodore A. Bukowski ¶ 4. The plaintiff filed a Charge of Discrimination with the EEOC on April 2, 1975. Affidavit of Theodore A. Bukowski ¶ 3. The charge was filed within 300 days of the alleged discrimination.

Plaintiff seeks application of the extended filing provision, 42 U.S.C. § 2000e–5(e) in this case, and the Court notes that he has filed no supporting affidavits in favor of his position. See Rule 56(e), FRCP.

While the Fifth Circuit has held that the 180-day filing requirement will not bar a suit by a plaintiff who has not learned, nor in the circumstances could reasonably have been expected to learn, the facts that would support a charge of unlawful employment practice until the filing period had already passed, *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975), where there are no extenuating circumstances, the Court has applied the regular filing deadline. *East v. Romine, Inc.,* 518 F.2d 332 (5th Cir. 1975). In addressing the issue of whether or not the statutory filing time is jurisdictional, the Court referred to its decision in *Reeb, supra,* and noted that in the case before it

. . . there are no indications that the bases of a charge of discrimination were unknown to the plaintiff until after the alleged discriminatory incident took place. The regular filing deadline is therefore applicable. *East v. Romine, Inc.,* supra.

This Court finds that the case before it falls within the holding of *East* and that the filing with the deferral agency not being timely, plaintiff is barred from seeking relief under the provisions of 42 U.S.C. § 2000e–5 et seq.

In treating the statutory filing period under the Age Discrimination in Employment Act, 29 U.S.C. 621, et seq., the Fifth Circuit has similarly held that giving notice to the Secretary of Labor of intent to sue within 180 days of the alleged unlawful practice is jurisdictional. *Powell v. Southwestern Bell Tel. Co.,* 494 F.2d 485, 487–88 (5th Cir. 1974).

Plaintiff sought relief under Executive Order 11246, as amended, in Count II. However, in his memorandum in opposition to Defendants' Motions to Dismiss, he has abandoned the claim, recognizing that there is no private right of action under Executive Orders.

He further seeks relief under 42 U.S.C. § 1983 claiming that his Fourteenth Amendment right to equal protection has been infringed. The defendants contend that the state action element, which is required if this Court is to have jurisdiction, is missing. In support of their position they have attached affidavits directed to the allegations of the complaint. It appears to this Court that recent decisions of the Fifth Circuit foreclose plaintiff's claim. *Golden v. Biscayne Yacht Club,* 530 F.2d 16 (5th Cir. 1976); *Greco v. Orange Memorial Hospital Corporation,* 513 F.2d 873 (5th Cir. 1975). It is therefore,

ORDERED AND ADJUDGED that summary judgment be entered in favor of defendants as to both counts of the complaint.