Martha PLATTS, Plaintiff,

v.

CORDIS DOW CORP., a Delaware
corporation, Defendant.

No. 82–2490–CIV–JLK.

United States District Court,
S.D. Florida.

March 4, 1983.

David F. McIntosh, Miami, Fla., for plaintiff.

Roger D. Haagenson, Fort Lauderdale, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS BECAUSE OF LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came before the Court upon Motion of the Defendant, CORDIS DOW CORP., pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure, to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, in the alternative, Motion for Summary Judgment.

The relevant facts of the instant case are as follows: Plaintiff, a hispanic female, was employed by Defendant from December, 1975 through May, 1981. On May 11, 1981, Defendant discharged the Plaintiff from her position as benefit assistant. On January 6, 1982—240 days later—Plaintiff filed a claim with the EEOC and the Metropolitan Dade County Fair Housing and Employment Appeals Board (hereinafter called the 706 Agency) alleging that the Defendant had discriminated against her on the basis of her national origin. On August 19, 1982, the EEOC made a determination of no reasonable cause and issued a Notice of Right to Sue to Plaintiff. Plaintiff received the Notice of Right to Sue on August 24, 1982, and the instant action was filed on November 22, 1982, 90 days later.

Defendant requests the Court to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction on the grounds

that the jurisdictional prerequisite of a timely filing of a complaint with the EEOC was not met. In reaching this conclusion, Defendant relies on 42 U.S.C. § 2000e–5(e) which provides that "a charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged employment practice occurred, or within thirty days after receiving notice that this State or local agency has terminated the proceedings under State or local law, whichever is earlier ...." Defendant, in its Motion to Dismiss, contends that because the Plaintiff filed no claim with the EEOC or the Dade County Fair Housing and Employment Appeals Board until January 6, 1982, a period in excess of 180 days from the date the alleged unlawful employment practice occurred, the Plaintiff's complaint was untimely. In support of its position, Defendant relies on a 1976 decision, *Gorman v. University of Miami,* 414 F.Supp. 1022 (S.D. Fla.1976). This reliance, however, is clearly misplaced. Defendant fails to take notice of a 1980 United States Supreme Court decision, *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), and the EEOC's Code of Federal Regulations amended to conform to the *Mohasco* decision in 1981, 29 C.F.R. § 1601.13 (1981). In *Mohasco,* the Court reasoned that in "deferral" jurisdictions there is an exception to the 180-day filing rule. This exception finds a complaint timely if the complainant files her charge with the appropriate state agency within 240 days from the date the alleged unlawful employment practice occurred. This allows time for the 60 day deferral period to run, and enables the complainant to still make the deadline for timely filing with the EEOC by the 300th day. In other words, a filing on the 240th day in a deferral state is considered timely because no charge can be filed with the EEOC before the expiration of 60 days after the proceedings are commenced in the appropriate state agency. Therefore, the earliest date a charge can be considered "filed" with the EEOC in a deferral state, such as Florida, is 60 days after deferral to the state agency and this date must be within the 300 day exception.

In the instant case, Plaintiff was discharged on May 11, 1981; her charge of discrimination was filed with the Metropolitan Dade County Fair Housing and Employment Appeals Board on January 6, 1982, the 240th day from the date the alleged unlawful employment practice occurred. Adding a 60 day deferral period to this date allowed for the filing with the EEOC on the 300th day. Plaintiff's charge of discrimination was therefore timely filed.

■ Evidence of further support of the timeliness of Plaintiff's filing can be found in the EEOC's Code of Federal Regulations as revised in 1981 to conform to the *Mohasco* decision. 29 C.F.R. § 1601.13(a)(3) (1981) states:

> Charges arising in jurisdictions having a 706 agency but which charges are apparently untimely under the applicable state or local statute of limitations are filed with the Commission upon receipt. Such charges are timely filed if received by the Commission within 300 days of the date of the alleged violation. Copies of all such charges will be forwarded to the appropriate 706 agency.

The action at bar arose in a jurisdiction having a 706 agency: the Metropolitan Dade County Fair Housing and Employment Appeals Board. Plaintiff's charges were "apparently untimely" under the local requirement of filing a written complaint no later than 180 days after the alleged unlawful practice occurred because the charges were filed with the 706 agency and the EEOC on the 240th day. However, under the terms of § 1601.13 charges are considered timely filed if received within 300 days of the alleged violation. Thus, Plaintiff's charges are considered timely

filed under the EEOC's regulations. The Court, having considered the argument of counsel and therefore being fully advised does

ORDER AND ADJUDGE that the Motion of Defendant to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction be, and it is, DENIED.