## Victoria HALLER

v.

## BUTLER SHOE CORPORATION, a Delaware Corporation.

### Civ. A. No. N 84–551.

United States District Court, D. Maryland.

Oct. 17, 1984.

Nicholas V. Broccolino, Baltimore, Md., for plaintiff.

Allen Poppleton, Baltimore, Md., and Kevin B. Getzendanner, Atlanta, Ga., for defendant.

NORTHROP, Senior District Judge.

Currently pending in this Title VII case is defendant's motion for summary judgment. The sole issue for determination is whether the plaintiff timely filed her employment discrimination charge with the E.E.O.C. After reviewing the memoranda submitted by counsel, the Court concludes that no hearing is necessary. Local Rule 6. For the reasons set forth hereinbelow, the defendant's motion is denied.

On October 6, 1981, plaintiff was terminated from her employment with the defendant. For purposes of this motion, the reason for that termination is immaterial. On April 29, 1982, 205 days later, plaintiff filed a charge of discrimination with the E.E.O.C.[1]

Under Title VII, the time period within which a complainant may lawfully file a charge of employment discrimination is set forth in section 706(e):

> A charge under this Section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... *such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred* ....

42 U.S.C. § 2000e–5(e) (1972) (emphasis added).

The defendant argues that in order to benefit from Title VII's 300-day limitations period, a claimant must file a charge with Maryland's state agency within the 180-day state limitation period, MD.ANN.CODE Art. 49B § 9(a). Under the defendant's theory, plaintiff's claim is time barred. *See Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir.1976) (a timely filed discrimination charge is a prerequisite to suit in the District Court).

In *Soble v. University of Maryland,* 572 F.Supp. 1509 (D.Md.1983), Judge Miller addressed and rejected the exact same argument raised by the defendant herein. In *Soble,* one of the issues was whether "plaintiff's failure to file a charge with Maryland's state agency within the 180-day state limitations period results in the plaintiff being denied the benefits of the extended federal filing period." *Id.,* at 1512. After a thorough analysis of the applicable law, the Court held:

> [T]his court concludes that grievants in deferral states need not file a charge with a state agency within the state limitations period in order to obtain the benefit of the extended period of filing with the EEOC available in Title VII under 42 U.S.C. § 2000e–5(e).

*Id.,* at 1514.

Defendant, aware that the *Soble* decision is directly contrary to its position, argues that *Soble* is inconsistent with other decisions of this District[2] and that *Soble* was wrongly decided. The Court rejects these arguments. First, *Soble* was predicated on the decision rendered in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The decisions reached by this District Court prior to that controlling Supreme Court decision are not persuasive on the issue raised herein. Thus

---

**1.** Plaintiff contends that the discrimination charge was filed on April 2, 1984, 178 days after the termination of employment. This contention is unsupported by the record or by affidavit, *see* FED.R.CIV.P. 56(e), and is contrary to the copy of the charge of discrimination filed as an exhibit to defendant's motion for summary judgment. The Court finds that the discrimination charge was filed April 29, 1982. This finding does not, however, effect the decision rendered herein.

**2.** *Lopez v. Sears, Roebuck & Co.,* 493 F.Supp. 801 (D.Md.1980); *Mobley v. Acme Markets, Inc.,* 473 F.Supp. 851 (D.Md.1979).

*Soble* is more than just the most recent decision on this issue, it is the only decision that includes *Mohasco* in its analysis.

Second, the Court is not convinced that *Soble* was wrongly decided. In support of its position defendant relies upon *Lowell v. Glidden-Durkee, Div. of SCM Corp.,* 529 F.Supp. 17 (N.D.Ill.1981), which indeed held that a timely filed charge under state law was a necessary condition for the application of the 300-day EEOC filing period. However, *Lowell* is not controlling; it is merely one of the post-*Mohasco* decisions that interprets *Mohasco* narrowly. *Soble* provides a better reading of *Mohasco* and is more in line with other decisions that have addressed the issue and rejected the restrictive approach urged by the defendant. *See, e.g., Smith v. Oral Roberts Evangelistic Ass'n, Inc.,* 731 F.2d 684 (10th Cir.1984); *Jones v. Airco Carbide Chemical Co.,* 691 F.2d 1200 (6th Cir.1982); *Owens v. Ramsey Corp.,* 656 F.2d 340 (8th Cir.1981); *Wiltshire v. Standard Oil Co.,* 652 F.2d 837 (2d Cir.1981), *cert. denied,* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982). Further support for the *Soble* decision can be found in the EEOC's Code of Federal Regulations as revised in 1981 to conform to the *Mohasco* decision. 29 C.F.R. § 1601.13(a)(3) (1981).

After an independent review of the cases decided under Title VII, I conclude that the plaintiff's discrimination charge, filed within 300 days from the date of discrimination, is timely filed under 42 U.S.C. § 2000e-5(e). Accordingly, defendant's motion for summary judgment is denied. A separate Order confirming this ruling will be entered.