Earle A. DAISLEY

v.

## GENERAL ELECTRIC COMPANY.

Civ. No. HM–84–3216.

United States District Court,
D. Maryland.

Nov. 25, 1987.

Earle A. Daisley, Columbia, Md., pro se.

Stanley Mazaroff, and Venable, Baetjer & Howard, of Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

*Pro se* plaintiff Earle A. Daisley ("Daisley") filed this complaint after being laid off by defendant General Electric Company ("GE"). He alleges race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended 1972, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621 *et seq.* Pending before the court are: (1) Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Paper No. 3;[1] and (2) General Electric Company's Motion to Dismiss Amended Complaint, Paper No. 6. The Court has reviewed the memoranda submitted by the parties and has determined that no hearing is required. Local Rule 6. The Court is now prepared to rule.

*Factual Background*[2]

Daisley began working with GE in 1972, as a clerk in the Philadelphia Credit and Collections office. In November of 1974, he received a performance evaluation which ranked him as either good or excellent in all categories. In November of 1979, the Credit and Collections department moved to Jessup, Maryland. Daisley transferred with the Department. Immediately upon his arrival, John Sheriff ("Sheriff"), the supervisor of the Credit and Collections Bureau began to assign him a much bigger workload than all other similarly situated white employees. In spite of the fact that Daisley kept up with his work, in September, 1980 GE abruptly transferred him to

---

1. This number refers to the docket entry number in the official court file.

2. For the purposes of a Motion to Dismiss the Court accepts all of plaintiff's allegations as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

the Data Processing Unit, an area in which he had no training. Daisley alleges that this transfer was punitive and designed to humiliate him and force him out of employment. Through the intervention of a coworker who trained him voluntarily, Daisley learned how to keypunch. However, the company continued to file complaints about low productivity against him. On April 16, 1982, Jim Borke ("Borke") gave him a performance evaluation which ranked him as unsatisfactory in several categories, although it did list him as satisfactory in other categories. Daisley refused to sign the evaluation and discussed it with management. As far as Daisley knows, no further action was taken on this evaluation. On September 2, 1982, several employees were notified that the Credit and Collections Bureau would be moving its operations to Melville, New York. Further, the Data Processing Unit would be moving the bulk of its operations to Englewood Cliffs, New Jersey. The letter advised them that they would not be transferred, but that they could apply for the jobs. The layoff actually occurred on October 2, 1982. Daisley applied for both jobs but was rejected by both departments. He wrote on other occasions requesting jobs from GE. All letters were met with negative responses. He then filed a complaint with the Howard County Maryland Office of Human Rights ("OHR") on March 25, 1983. OHR closed his complaint without taking any action, and transmitted the case to the Equal Employment Opportunity Commission ("EEOC") on May 16, 1983. On May 24, 1984, EEOC found no probable cause to believe that GE's actions were the result of race or sex discrimination, closed its consideration of the age discrimination complaint, and issued plaintiff a right to sue letter. Plaintiff then initiated this litigation on August 20, 1984.

*Plaintiff's Amended Complaint*

Plaintiff filed a second complaint after defendant had filed its motion to dismiss. Fed.R.Civ.P. 15(a) permits amendment of the complaint as of right before the filing

of a responsive pleading. As a motion to dismiss is not a responsive pleading, *Smith v. Blackledge,* 451 F.2d 1201, 1203 n. 2 (4th Cir.1971); *Walgren v. Howes,* 482 F.2d 95, 96 n. 1 (1st Cir.1973), the Court will accept plaintiff's amended complaint.

The complaint appears to the court to be, in addition to an amended complaint, a response to the motion to dismiss, and the court in addressing the motion to dismiss has considered the arguments advanced by plaintiff.

*Defendant's Motion to Dismiss* [3]

Title VII

Defendant argues in its motion that plaintiff may not bring his Title VII complaint because he failed to file any charge of discrimination with the appropriate state agency within 180 days from the alleged acts of discrimination, as required by the Maryland statute. Md.Ann.Cod. Art. 49B Section 9(a). Because the Court believes that Daisley is entitled to the longer 300 day period permitted in Section 706(e) of Title VII, 42 U.S.C. Section 2000e–5(e), the Court will deny the motion for any acts of discrimination alleged to have occurred within the 300 days prior to May 16, 1983, when EEOC received the charge. This time period, which begins July 20, 1982, includes both September 2, 1982 and October 2, 1982, obviating the need for the Court's resolution of the parties' dispute over when plaintiff's cause of action accrued.

Section 706(e) reads, in relevant part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the al-

---

**3.** In Paper No. 6, its response to plaintiff's amended complaint, defendant adopts the arguments advanced in its Paper No. 3, without raising any further arguments. The Court will address the two motions as one.

leged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier ...

In 1980, the Supreme Court ruled that nothing in Section 706(e) required plaintiff to file the complaint with the state agency within 180 days to trigger the longer limitation period. *Mohasco v. Silver*, 447 U.S. 807, 814 n. 16, 816 n. 19, 100 S.Ct. 2486, 2491 n. 16, 2492 n. 19, 65 L.Ed.2d 532 (1980). Since the *Mohasco* decision, judges in this District have disagreed on whether a plaintiff must file a charge with the state agency within the time limit specified by the state to receive the benefit of the 300 days. *See e.g. Soble v. University of Maryland*, 572 F.Supp. 1509, 1514 (D.Md.1983) (Miller, J.) (grievant in state with state agency need not file charge within state limitations period to receive benefit of extended limitations period for EEOC filing); *Haller v. Butler Shoe Corp.*, 595 F.Supp. 998, 1000 (D.Md.1984) (Northrop, J.) (plaintiff entitled to longer period of limitations in states with state agencies); *contra, Borowski v. Vitro Corp.*, 634 F.Supp 252, 256–57 (D.Md.1986) (Motz, J.) (timely state filing is a prerequisite for the longer limitations period). The Court of Appeals for the Fourth Circuit has expressly reserved decision on this issue. *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943, 945 n. 2 (4th Cir.1986).

This Court, in reviewing the cases, believes that the approach adopted in the *Haller* and *Soble* decisions is the correct one. Many Title VII plaintiffs file their own charges and complaints without benefit of legal advice. *Smith v. Oral Roberts Evangelistic Ass'n.*, 731 F.2d 684, 687 (10th Cir.1984). The plain language of the statute provides their primary guidance. As Congress wrote this section without mention of or reference to state statutes of limitations, this Court will not imply this additional requirement. *Mohasco, supra.*, 447 U.S. at 816 n. 19, 100 S.Ct. at 2492 n. 19.

The Court notes that a number of other courts of appeals have reached the same conclusion. *Smith, supra,* 731 F.2d at 690; *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200, 1203 (6th Cir.1982); *Owens v. Ramsey Corp.*, 656 F.2d 340, 342 (8th Cir. 1981); *Wiltshire v. Standard Oil Co.*, 652 F.2d 837, 839 (9th Cir.1981), *cert. denied* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982). Further in 1981, EEOC adopted a regulation that states that "[c]harges arising in jurisdictions having a 706 agency but which charges are apparently untimely under the applicable state statute of limitations ... are timely filed by the Commission within 300 days from the date of the alleged violation." 29 C.F.R. 1601–13(a).

The Court finds additional support for its position in the Supreme Court's ruling that under ADEA, the complainant has 300 days to file a charge with the EEOC even when the plaintiff did not file a timely charge with a state or local EEO agency. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 759, 99 S.Ct. 2066, 2073, 60 L.Ed.2d 609 (1976). The Supreme Court has noted the similarity of language and purpose of the ADEA and these sections of Title VII. *Soble, supra,* 572 F.Supp. at 1513, *citing Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982); *Oscar Mayer, supra,* 441 U.S. at 756, 99 S.Ct. at 2071.

ADEA

As noted above, the ADEA limitations period is 300 days, regardless of the filing date with the state agency. *Oscar Mayer, supra,* 441 U.S. at 759, 99 S.Ct. at 2073. Defendant does not contest this time, but argues that much of the alleged discrimination which plaintiff challenges occurred before that date. The Court agrees.

Accordingly, the Court will permit plaintiff's Title VII and ADEA cause of action to proceed with respect to all acts of discrimination which occurred within the 300 days prior to May 16, 1983, that is, on or after July 20, 1982. After a study of plaintiff's lengthy complaint and subsequent memoranda, the Court concludes that plaintiff may challenge only his layoff and GE's subsequent failure to place him in another

job and may not challenge the alleged harassment which took place after his move to Jessup and after his transfer into the Data Processing Department.

In accordance with the foregoing memorandum, it is this 25th day of November, 1987 by the United States District Court for the District of Maryland

ORDERED

(1) that defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Paper No. 3, be, and the same hereby is, *Denied* with respect to alleged acts of discrimination occurring on or after July 20, 1982, and *Granted* with respect to alleged acts of discrimination occurring prior to July 20, 1982; and

(2) that the defendant file its answer to plaintiff's complaint within 20 days from the signing of this Order.