Valentine R. CICCONE, Plaintiff,
Appellant,

v.

TEXTRON, INC., et al., Defendants,
Appellees.

No. 79–1541.

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1980.

Decided March 17, 1980.

Robert D. Parrillo, Providence, R. I., with whom A. Lauriston Parks and Hanson, Curran & Parks, Providence, R. I., were on brief, for plaintiff, appellant.

Michael P. DeFanti, Providence, R. I., with whom Daniel K. Kinder and Hinckley, Allen, Salisbury & Parsons, Providence, R. I., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Valentine R. Ciccone appeals from the district court's grant of summary judgment for defendants in this age discrimination action. The district court held that Ciccone's claim was barred by his failure to file a charge of age discrimination with the Department of Labor within 180 days of the most recent act of age discrimination he had alleged. Ciccone contends that the proper filing period should have been 300 days, as provided in 29 U.S.C. § 626(d)(2), because the alleged violations occurred in a so-called "deferral state." As we agree with the district court that the appropriate filing limit was 180 days, we affirm.

*The Facts*

Ciccone was born on May 18, 1924. From May 1971 to October 1974, he was employed by appellee Textron, Inc., as vice president, administration, of its Gorham Division. In October 1974 he became vice president, administration, in the Homelite Division of

Textron. On May 26, 1977, he was terminated from his job at Homelite. Some seven months later, on January 4, 1978, believing that the position he once held at the Gorham Division was vacant, Ciccone wrote to Joseph B. Collinson, president of Textron, expressing an interest in "returning (again) to Textron."[1] Collinson responded by letter dated January 9, 1978, saying "it would be a mistake for you to return to Gorham, but if any other position becomes available . . . I'll contact you."[2]

On August 2, 1978, Ciccone filed charges of age discrimination with the United States Department of Labor and with the Rhode Island state agency designated for that purpose. These filings occurred 433 days after Ciccone's termination at Homelite and 205 days after Collinson's letter rejecting his application for the post at the Gorham Division. Sixty days passed without action by either state or federal authorities on Ciccone's claim. On October 10, 1978, Ciccone commenced this action in the district court alleging age discrimination in violation of the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. §§ 621–634.

In his district court complaint, appellant alleged, in substance, the facts recited above and stated that the conduct of defendants Textron and Collinson, "from and after May 26, 1977, with respect to the termination of the plaintiff's employment [viz. May 26, 1977] and refusal to consider the plaintiff for reemployment [viz. January 9, 1978] constitute[d] a continuing and willful violation of 29 U.S.C. § 623(a)." Defendants filed a motion to dismiss the complaint based on Ciccone's alleged failure to file timely charges with the federal and state agencies. Defendants also requested an order limiting discovery to the issue of subject matter jurisdiction until such time as the district court determined whether it had jurisdiction of the case. In support of their motion to dismiss, defendants filed an affidavit from J. Joseph Kruse, senior vice president, administration, of Textron, stating that the position of vice president, administration, at Gorham formerly held by appellant had been discontinued and the duties of the job reassigned to other members of the staff.

On February 5, 1979, the district court ruled that the proper filing deadline for Ciccone's claim was 180 days, and that his claims of age discrimination were thus time-barred unless he could establish special facts justifying an equitable tolling of the time limit. This was the court's principal basis for decision, and if correct, plainly barred claims based both on the May 26, 1977 discharge and the refusal to rehire on January 9, 1978. However, the court went on to speculate, in the alternative, as to what would happen were it to rule that 300 rather than 180 days were available. Were 300 days the yardstick, Ciccone was still too late (absent equitable tolling) to contest the May 26 discharge. Only if the January 1978 exchange of letters evidenced an ongoing or later violation would the 300 days help. On this question, the court was of two minds. It rejected the notion that a simple refusal to rehire for the same job showed a "continuing" violation of the Act; but it saw possible merit in the theory that refusal to rehire for a different position might indicate a "separate" violation. Even so, however, the court felt that Ciccone had demonstrated no chance of prevailing here. According to the uncontradicted affidavit by Kruse, the Gorham job had been abolished by the time appellant applied. Thus the court saw no way Ciccone could prevail except by establishing an equitable tolling. On this issue alone, it allowed limited discovery to proceed.

1. Ciccone's letter read as follows:
"Dear Joe:
News has a way of travelling fast . . . I learned today that my 'old' job at Gorham has been vacated.
Frankly, I would be interested in returning (again) to Textron, to this or any similar position which might present itself. I would appreciate hearing as to how best I could proceed to explore any such opportunity."

2. Collinson's letter read as follows:
"Dear Val:
I think it would be a mistake for you to return to Gorham, but if any other position becomes available in which I think you would be interested, I'll contact you."

On February 23, 1979, Ciccone's deposition was taken by counsel for defendants. In the course of his deposition, Ciccone stated that he had learned from sources at Gorham that his former position there had been filled by a younger man who had been given the title "Director of Administration." Appellant refused to name his sources. On the basis of this deposition, Ciccone then moved for reconsideration by the district court of its earlier finding that the January 1978 refusal to rehire did not amount to a separate violation of the Act. On April 13, 1979, the district court entered an order refusing to reconsider its earlier ruling until appellant had established that he was entitled to an equitable tolling of the 180-day filing deadline. After an evidentiary hearing on this issue, at which appellant testified, the district court ruled that appellant had failed to establish sufficient grounds for an equitable tolling.[3] Accordingly, on October 10, 1979, the district court entered judgment for the defendants on their motion to dismiss, which was treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6). This appeal followed.

## I.

We turn first to appellees' contention that refusal to rehire Ciccone on January 9, 1978 did not and could not constitute a separate violation of the Act. This episode was the only purported violation which occurred within 300 days of Ciccone's filing of charges with the Department of Labor; hence if appellees are correct that the refusal to rehire was not a separate violation, it is irrelevant whether the proper filing limit was 300 days or 180. In either event appellant could not prevail. While it would be tempting to follow this route, thus avoiding the tricky problem of statutory interpretation involved in determining the proper time limit, we are unable to do so.

It is clear that the district court decided this case on the basis that 180 days rather than 300 days applied. Its ruminations on February 5 concerning the January 9 refusal to rehire were a kind of addendum to its basic holding that the 180-day limit applied; and they formed no part whatever of its final holding on October 10. In the initial, February 5, discussion the court said that merely refusing to rehire does not, by itself, establish a continuing violation. Such refusal, being but the natural consequence of the discharge, is attributable only to the earlier event. *See Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1017–19 (1st Cir. 1979); *cf. United Airlines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). The district court opined, however, that refusal to rehire for a job different from the one to which the discharge related might be a sufficient basis for claiming a separate violation. On this reasoning, the court said that Ciccone's claim of a separate violation in January 1978 had "somewhat more merit" than his claim of continuing violation. Nevertheless, the court went on to reject Ciccone's claim of separate violation on the ground that defendants' then uncontroverted affidavit showed the job appellant had applied for at Gorham was discontinued. Since a refusal to hire cannot constitute a new violation in the absence of a job to be filled, *see Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 489 (5th Cir. 1974), the district court concluded that the refusal to rehire could not be a separate violation on the facts then before it.

This was how matters stood immediately after the court's February 5 decision. During the period the court allowed for discovery relating to the possibility of equitable tolling, however, the picture changed considerably. Ciccone claimed in his deposition that his old job at Gorham had been filled by a younger man who was given a

---

**3.** Since appellant does not challenge this finding on appeal, we have no occasion to decide under what circumstances, if any, the filing limitations of the ADEA are subject to equitable tolling. *Cf. Daughtry v. King's Department Stores, Inc.,* 608 F.2d 906, 909 (1st Cir. 1979)

(per curiam). *Compare Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976), *aff'd by an equally divided court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) *with Wright v. State of Tennessee,* 613 F.2d 647 (6th Cir. 1980).

different title; as a result, Ciccone moved to have the court reconsider its earlier holding that the January 9 incident was not a separate violation. The district court refused reconsideration, ruling that even if a separate violation were shown, Ciccone's claim would nonetheless be barred by the 180-day limit. The final order issued October 10, 1979 thus rested entirely on the premise that the appropriate benchmark was 180 days rather than 300. Since appellant had alleged no instances of discrimination within 180 days of his filing of charges, and had established no equitable grounds for tolling the time limit, the district court held his claim barred.

Under these circumstances, we reject appellees' invitation to address the question whether the refusal to rehire in January 1978 was insufficient, for summary judgment purposes, to establish a violation of the Act. This was not an issue which ultimately played any part in the court's judgment, nor is the proper resolution of this issue so plain on the present record as to invite us to avoid the question, decided below, of the proper filing limit under the ADEA.

### II.

We turn, then, to the fundamental issue of the limitations period. As the case stands, legal proceedings were instituted more than 180 but less than 300 days after the last violation occurred. The statutorily conferred right to sue for relief from age discrimination is limited by 29 U.S.C. § 626(d),[4] which provides that no civil action may be commenced until 60 days after a "charge" of age discrimination has been filed with the Secretary of Labor. The statute goes on the state,

"Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier."

29 U.S.C. § 626(d). Section 633(b) concerns so-called "deferral states," *i. e.,* those having a state agency to which the individual must refer his claim at least 60 days before instituting his civil action.[5]

Appellant argues that the alleged violation in this case occurred in Rhode Island, that Rhode Island is a "deferral state" within the meaning of § 633(b),[6] and that therefore under § 626(d)(2) he was

---

**4.** Section 626(d), as amended in 1978, provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [of Labor]. Such a charge shall be filed—
(1) within 180 days after the alleged unlawful practice occurred; or
(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
Upon receiving such a charge, the Secretary shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."

**5.** Section 633(b) provides:
"In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

**6.** The Rhode Island age discrimination law, R.I. Gen.Laws tit. 28, c. 6, §§ 1–16, declares age discrimination to be unlawful and establishes a

entitled to 300 days in which to file his charge with the Department of Labor, regardless of when he filed his state charges. Appellees respond that the statute can be construed to give a plaintiff the benefit of the §626(d)(2) extended filing period only if he has actually invoked the state remedy within 180 days of the alleged violation. Each party cites legislative history and recent decisions by other circuits in support of its position. Each relies on the Supreme Court's decision in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). While the issue is close, we believe that appellees' interpretation is correct, and that charges of discrimination must be filed with the state agency in a deferral state within 180 days of the alleged violation for a plaintiff to qualify for the 300-day period within which to file federal charges.[7]

We recognize that the statute can be read, simplistically, as providing that the 300-day filing limit is automatically available to all plaintiffs residing in a deferral state even if plaintiff fails to initiate a state charge within 180 days. The Sixth

Circuit has pointed out, however, that the § 626(d)(2) extended period is an available alternative only in "a case to which section 633(b) . . . applies," and we think it only sensible to infer that § 633 does not "apply" unless the complainant has diligently sought a state administrative remedy—if not within the state's limitations period, then at least within the generally longer 180 days afforded plaintiffs in a nondeferral state. *See Gabriele v. Chrysler Corp.,* 573 F.2d 949, 955 (6th Cir. 1978), *vacated on other grounds,* 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979). Any other reading would have Congress arbitrarily extending an additional 120 days in which to file the federal charge simply because the plaintiff's claim fortuitously arose in a deferral state. *See Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231–32 (8th Cir. 1975) (en banc) (Title VII). The evident purpose of the extended filing period is to give the plaintiff a grace period within which to pursue state remedies he has invoked before being compelled to institute a federal charge.[8] This purpose would in no way be furthered by providing a windfall of 120

---

procedure for processing of age discrimination complaints. Given our disposition of this appeal, we do not consider whether Rhode Island is, by virtue of this statute, a deferral state for purposes of 29 U.S.C. § 633(b). *Compare Hadfield v. Mitre Corp.,* 562 F.2d 84 (1st Cir. 1977) (Massachusetts is a deferral state) with *Lugo Garces v. Sagner International, Inc.,* 534 F.2d 987 (1st Cir. 1976) (Puerto Rico is not a deferral state).

7. Whether, as the district court and other courts believe, the statutory limitations may be subject to equitable amelioration in certain circumstances is an issue upon which we need express no opinion. *See* note 3 *supra.* The Fourth Circuit has suggested another possible exception, at least in the context of Title VII actions. Where plaintiff files his state charge more than 180 days after the alleged violation but within the limitations period provided by state law, the Fourth Circuit would permit plaintiff to file his federal charge up to 300 days after the alleged violation. *Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1332–33 (4th Cir. 1976). It is clear in the present case, however, that appellant did not comply with the applicable four-month state limitations period, R.I. Gen.Laws tit. 28, c. 6, § 10, and thus we do not consider whether this exception is available under the ADEA.

8. This purpose is clearest in the legislative history of the comparable provision of Title VII, 42 U.S.C. § 2000e–5(e). *See, e. g., Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1232 n.11 (8th Cir. 1975) (quoting 110 Cong.Rec. 12723 (1964)). Like the Supreme Court in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755–58, 99 S.Ct. 2066, 2071–2072, 60 L.Ed.2d 609 (1979), we consider the legislative intent of the Title VII Congress very helpful in discerning the purpose behind certain virtually identical provisions of the ADEA, such as § 626(d). *Cf. Loeb v. Textron,* 600 F.2d 1003, 1015 (1st Cir. 1979).

While not conclusive, the legislative history of the 1967 ADEA also suggests that the 300 days was intended to benefit plaintiffs who had initially resorted to state remedies:

"[I]n the case of suits brought by individuals notice of intention to sue must be given the Secretary of Labor within 180 days after the alleged unlawful practice occurred, except that where action *has been commenced* under a State statute this period shall be *extended* to 300 days." (Emphasis supplied.) S.Rep.No. 723, 90th Cong., 1st Sess., 113 Cong. Rec. 31251 (1967). *See also id* at 31252.

days to plaintiffs living in deferral states even though they had not instituted a charge with the state agency within the initial filing period. As the Sixth Circuit has said:

"One obtains the benefits of the extended filing period in § 626(d)(2) *only* if he is in a 'deferral state' *and* elects to use that state's mechanisms to attempt a conciliation of the grievance. . . . It is only if one uses time to let the state try its hand that he needs more time to notify the Secretary of Labor. . . . [A]ny state filing need only be within the minimum 180 days allowed for the federal filing, § 626(d)(1), in order to obtain the benefits of § 626(d)(2)."

*Gabriele v. Chrysler Corp., supra,* 573 F.2d 949, 955 (6th Cir. 1978) (emphasis in original); *see also Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 n.5 (3d Cir. 1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Skoglund v. Singer Company,* 403 F.Supp. 797, 803 (D.N.H. 1975); *cf. Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231–33 (8th Cir. 1975) (Title VII).

Appellant urges us to adopt the recent holding of the Ninth Circuit that "in a deferral state, an ADEA claimant may provide notice of intent to sue to the Secretary within 300 days of an alleged discriminatory act regardless of whether or not state proceedings have been timely commenced." *Bean v. Crocker National Bank,* 600 F.2d 754, 759 (9th Cir. 1979). Appellant argues that the Supreme Court's decision in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), undercuts the rationale of the earlier cases cited above. In *Evans,* the Court held that resort to state administrative procedures, pursuant to § 633(b), is required before plaintiffs can proceed with a civil action in federal court, but the filing of state charges need not be timely under state law. According to appellant, this holding implies that the extended filing period of § 626(d)(2) should be available without regard to the timeliness of plaintiff's resort to state remedies.

We disagree. The question presented here did not arise in *Evans* because plaintiff in *Evans* had filed his federal charge within 180 days of the alleged violation. The contention in *Evans* was that plaintiff need not file a notice of intent to sue with the state agency at all. *See Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir. 1978) (vacated in light of *Evans,* 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979)). The Supreme Court rejected this contention, holding that resort to state remedies—whether timely or not—was a prerequisite to maintenance of a federal court suit. The Court said nothing, however, to indicate that a deferral state plaintiff who waited more than 180 days before filing *any* administrative charge would nonetheless be entitled to the extended filing period. On the contrary, the only passage in the Court's opinion that even obliquely touched on this issue suggested that the 180-day limit does apply to the filing of state charges in deferral states. In answering the argument that its decision to disregard state statutes of limitations would encourage plaintiffs to sidestep state procedures, the Court stated:

"In any event, even if the risk of bypass of state agencies were real, which it is not, States could readily avoid the possibility by extending their limitations periods to 180 days and by tolling their statutes of limitations upon the filing of a timely charge with the Department of Labor."

441 U.S. at 764 n.11, 99 S.Ct. at 2076. As we read it, this statement implies that the state limitations period on filing of state charges will be harmonized with the federal period for filing such charges if both are set at 180 days. There is certainly no implication here that state and federal charges can be filed concurrently *more than* 180 days after an alleged violation. While this language is, to be sure, less than conclusive, it undercuts appellant's contention that *Evans* is inconsistent with our resolution of the issue in the present case.

We hold that the district court correctly interpreted and stated the statutory period applicable upon the present facts.

*Affirmed.*