Valentine R. CICCONE, Plaintiff,
Appellant,

v.

TEXTRON, INC., et al., Defendants,
Appellees.

No. 79–1541.

United States Court of Appeals,
First Circuit.

Submitted Dec. 4, 1980.

Decided Jan. 19, 1981.

Certiorari Denied June 8, 1981.
See 101 S.Ct. 3052.

A. Lauriston Parks, Robert D. Parrillo, and Hanson, Curran & Parks, Providence, R.I., on brief, for plaintiff, appellant.

Leroy D. Clark, Gen. Counsel, Constance L. Dupre, Acting Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, William NG, and Karen MacRae Smith, Attys., E.E.O.C., Washington, D.C., on brief, for E.E.O.C., amicus curiae.

Michael P. DeFanti and Hinckley, Allen, Salisbury & Parsons, Providence, R.I., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Pursuant to the Supreme Court's order of October 20, 1980, 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143, vacating and remanding our prior decision in this case, *Ciccone v. Textron, Inc.*, 616 F.2d 1216 (1st Cir. 1980), and after supplemental briefing by the parties, we reconsider this appeal in light of *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

In our earlier decision, we held that a complainant under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, whose claim arose in a deferral state is not entitled to the extended 300-day federal filing period unless he "has diligently sought a state administrative remedy—if not within the state's limitations period, then at least within the generally longer 180 days afforded plaintiffs in a nondeferral state." *Ciccone, supra,* 616 F.2d at 1220. For reasons set forth therein, we thought this the most reasonable and consistent interpretation of an intractable statute. In *Mohasco*, however, faced with the almost identical provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c), (e), the Court stated that the extended 300-day filing period was to be allowed regardless of a claimant's failure to seek a state administrative remedy within 180 days. The rationale in *Mohasco* strongly suggests, if it does not compel, the conclusion that it is to control in situations such as the present. To be sure, language in the Supreme Court's recent decision in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), leaves some slight room for argument that our position was not entirely foreclosed by *Mohasco*. See 49 U.S.L.W. at 4061 n.13; *id.*, at 4062 n.2 (Stewart, J., dissenting). But we explained our thinking in *Ciccone*, which the Court cited in *Mohasco* in criticizing the approach we and other courts had taken. *Mohasco, supra,* 447 U.S. at 815, 100 S.Ct. at

2491 nn. 16 & 19. It might well appear unseemly were we now to persist in a rationale which, although widely adopted by the circuits, seems to have found little favor with the Court. Moreover, there is something to be said for trying to achieve uniformity even if the rule adopted may seem less than optimal. We accordingly hold, on the authority of *Mohasco*, that the longer period of 300 days is to be allowed for federal filing in deferral states. *Accord Davis v. Calgon Corp.*, 627 F.2d 674 (3d Cir. 1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981), *denial of cert. suspended,* No. A–604 (80–529) (January 14, 1981); *Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir. 1979). The technical niceties are discussed in *Mohasco, supra,* 447 U.S. at 814–815 n.16; 832–35, 100 S.Ct. at 2491–92 & n.16; 2500–01 (Blackmun, J., dissenting).

*Reversed and remanded for further proceedings consistent with this opinion.*