David L. OWENS, Appellant,

v.

RAMSEY CORPORATION, Appellee.

No. 81–1322.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 7, 1981.

Decided Aug. 13, 1981.

Thomas E. Wack and Timothy K. Kellett, St. Louis, Mo., for appellee Ramsey Corp.

Before BRIGHT and ARNOLD, Circuit Judges; and DAVIES,* Senior District Judge.

BRIGHT, Circuit Judge.

David Owens filed a *pro se* complaint against his former employer, Ramsey Corporation (Ramsey), alleging racial discrimination in his discharge from employment. Ramsey, characterizing the complaint as a Title VII suit, moved to dismiss based on Owens' failure to file charges with the Equal Employment Opportunity Commission (EEOC) within the statutory time period. The district court[1] accepted Ramsey's characterization of the complaint as alleging a Title VII claim and dismissed for lack of subject matter jurisdiction because of Owens' noncompliance with the time requirements for filing a charge with the EEOC. We agree with the district court's disposition of the Title VII claim, but nevertheless remand to allow the district court to consider whether Owens has stated a cause of action under 42 U.S.C. § 1981.

Owens' complaint arose out of his discharge from employment by Ramsey on December 14, 1979. The record indicates that Owens filed a grievance under the applicable collective bargaining agreement and pursued that remedy through arbitration.[2]

* RONALD N. DAVIES, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. The arbitrator issued an order denying the grievance on May 28, 1980.

On September 8, 1980, Owens "dually filed" a charge of discrimination with the EEOC and the Missouri Commission on Human Rights. From December 14, 1979, the date on which Owens was discharged from his employment, until September 8, 1980, the date on which he filed his discrimination charge, 268 days had elapsed. The Missouri Commission completed its investigation of the charge on October 30, 1980, 52 days later, 320 days after the discharge, with a decision of "administrative closure/no jurisdiction." On November 10, 1980, Owens filed his complaint in district court, along with a copy of the discrimination charge filed with the Missouri Commission, alleging racial discrimination in his firing.

In its motion to dismiss for lack of subject matter jurisdiction, Ramsey contended, based on the documents attached to the face of the complaint, that Owens had brought the action under Title VII of the 1964 Civil Rights Act. The district court, agreeing with Ramsey's characterization of the complaint as a Title VII action, granted the motion to dismiss. Relying on the recent Supreme Court decision of *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the district court concluded that Owens had not filed his charge with the EEOC within 300 days of the occurrence of the allegedly unlawful employment practice as required by the statute. We agree.

■ A complainant must file a timely charge with the EEOC as a prerequisite to the maintenance of a Title VII action. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 1887 n.4, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *Heymann v. Tetra Plastics Corp.*, 640 F.2d 115, 120 (8th Cir. 1981); *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). In a deferral state, the complainant must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred to preserve the Title VII action. 42 U.S.C. § 2000e–5(e) (1976). The Court in *Mohasco* held that a charge lodged with the EEOC in a deferral state could not be deemed "filed" with the EEOC for purposes of the 300-day limit until the state commission terminates its proceedings or until 60 days elapse after proceedings have commenced under state law, whichever occurs first. *Mohasco Corp. v. Silver, supra*, 447 U.S. at 817, 100 S.Ct. at 2492. In other words, a complainant in a deferral state must file the complaint within 240 days of the alleged discriminatory practice to insure timely filing with the EEOC. A filing after 240 days and before 300 days will suffice if the deferral agency completes its consideration of the charge before the end of the 300-day period. *Id.* at 814 n.16, 100 S.Ct. at 2490 n.16.[3]

■ Because Missouri is a deferral state,[4] Owens had the benefit of the 300-day filing period, subject to the limitation noted above. *See* 42 U.S.C. § 2000e–5(e) (1976). Owens "dually filed" his charge with the EEOC and the Missouri Commission on Human Rights 268 days after the alleged occurrence. This "filing," however, became effective only as to the state commission. *See Mohasco Corp. v. Silver, supra*, 447 U.S. at 817, 100 S.Ct. at 2492. In effect, the EEOC held Owens' complaint in suspended animation for 60 days or until an earlier termination of state proceedings. The state investigation terminated 52 days after Owens' initial "filing." The EEOC filing thus occurred 320 days after the alleged unlawful discriminatory conduct, outside the 300-

---

**3.** In *Mohasco*, the Court noted its disapproval of the restrictive approach taken by this circuit in *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975) (*en banc*), which held that a complainant must under all circumstances initially file his charge with either the state fair employment agency or with the EEOC within 180 days of the alleged discrimination. *Mohas-*

co *Corp. v. Silver, supra*, 447 U.S. at 814 n.16, 816 n.19, 100 S.Ct. at 2490 n.16, 2491 n.19.

**4.** Missouri has adopted a Fair Employment Practices Act, which declares unlawful, *inter alia*, race discrimination in employment and establishes a commission to receive and investigate complaints. Mo.Ann.Stat. § 296.010 *et seq.* (Vernon Supp. 1981).

day limit required for timely filing in deferral states.[5]

■ Because Owens did not effectively file his complaint with the EEOC within the 300-day time period, the district court correctly dismissed his Title VII action. The *pro se* complaint, however, may have raised a claim under 42 U.S.C. § 1981. The district court did not consider this possibility. Accordingly, while affirming the disposition of the Title VII claim, we nevertheless remand to the district court to consider whether the complaint states a cause of action under section 1981, and, if so, whether the action should be reinstated.

---

**5.** In this type of case an employee must await action by the state deferral agency before he can determine whether his federal claim has been preserved. *Mohasco Corp. v. Silver*, 447 U.S. 807, 834, 100 S.Ct. 2486, 2501, 65 L.Ed.2d 532 (1980) (Blackmun, J., dissenting). As Justice Blackmun observed: "[A]n employee [in a deferral state] will be able to guarantee timely filing by bringing a complaint to the attention of the EEOC within 240 days * * *, but if that employee files his charge between day 240 and day 300, he must await further developments." *Id.* at 834, 100 S.Ct. at 2501 (footnote omitted).