**Ronald E. ANDERSON,**
**Plaintiff-Appellant,**

v.

**ILLINOIS TOOL WORKS, INC., a**
**Delaware corporation,**
**Defendant-Appellee.**

No. 84–1459.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1984.

Decided Jan. 30, 1985.

---

tion in Employment Act, as amended (the "ADEA"), 29 U.S.C. § 621 *et seq.*, alleging unlawful involuntary termination of his employment by defendant Illinois Tool Works, Inc. ("Illinois Tool"), and breach of an implied contract of employment. This appeal is taken from the Order of the district court granting summary judgment for defendant and dismissing the action on the ground that plaintiff did not file his claim with the appropriate state agency, here the Illinois Department of Human Rights (the "IDHR"), within 180 days of the alleged discrimination. The only issue on appeal is whether, where the state filing period is not shorter than the 180-day federal filing period available in non-deferral states, a timely filing with the appropriate state agency is a condition precedent to filing a charge with the Equal Employment Opportunity Commission (the "EEOC") under the extended 300-day statutory period, in order to bring suit in federal court under the ADEA. We hold that the state filing need not be timely and therefore reverse.

Wilfred F. Rice, Jr., and Mary R. Turner, Chicago, Ill., for plaintiff-appellant.

Gordon B. Nash, Jr., Gardner, Carton & Douglas, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

CUDAHY, Circuit Judge.

Plaintiff Ronald E. Anderson brought this action pursuant to the Age Discrimina-

## I.

At the time of his discharge in 1981, plaintiff had been employed by Illinois Tool for over 26 years and was 59 years old. In October, 1981, plaintiff was offered the opportunity of early retirement, which he declined. He was discharged effective October 31, 1981. On April 27, 1982, plaintiff filed a charge of age discrimination with the EEOC, and on April 28, 1982, with the IDHR. On October 29, 1982, the IDHR dismissed plaintiff's charge for lack of jurisdiction. The IDHR investigation report stated "Complainant was told of his discharge on October 27, 1981. His charge was filed on April 28, 1982, 183 days later. Therefore a finding of lack of jurisdiction is recommended." Record on Appeal, Item 28, Ex. B.[1]

---

1. There is some dispute as to when plaintiff was told of his discharge. Plaintiff claims he was told on either October 20, 1981, October 27, 1981, or sometime in the third week of October, 1981. *See* Memorandum Order of February 24, 1984, by the district court, 4 n. 5. Defendant

The district court granted Illinois Tool's motion for summary judgment on February 24, 1984, and dismissed the action. The district court reasoned that since plaintiff's state charge had been correctly dismissed as untimely filed by the IDHR,[2] plaintiff could not avail himself of the 300-day period of 29 U.S.C. § 626(d) to file his EEOC charge, but was required to file his EEOC charge within the standard 180-day period. The district court concluded that plaintiff had not complied with the ADEA filing requirements (his EEOC charge having been filed 182 days after he received notice of discharge), and so his federal court action was barred. The district court granted summary judgment for defendants, dismissed the action and declined to exercise pendent jurisdiction over the breach of contract claim.

## II.

Section 7(c) of the ADEA, 29 U.S.C. § 626(c), creates a private right of action for persons aggrieved by a violation of the ADEA. Section 7(d), 29 U.S.C. § 626(d), imposes a condition precedent upon the bringing of such a private action. It provides that an action cannot be brought until sixty days after a charge of unlawful discrimination has been filed with the EEOC, and provides time limits for filing such a charge. In part, section 626(d) says:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—

claims he was told "at least [sic] by October 20, 1981." Illinois Tool Br. 3. Both the IDHR and the district court took October 27, 1981, the last date suggested by plaintiff, as the date he learned of his discharge. Given our disposition of the controlling legal issue, and the fact that Illinois Tool does not suggest that plaintiff's EEOC charge was untimely if the 300-day extended filing period is applicable, we need not consider the propriety of this assumption.

**2.** The Illinois Human Rights Act requires that charges of discrimination be filed within 180 days. ILL.REV.STAT. ch. 68, ¶ 7–102(A)(1) (1983).

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

. . . . .

Section 633(b) (section 14(b) of the ADEA) is applicable in so-called "deferral states," that is, states which have employment discrimination laws, and provides:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided*, that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purpose of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

In cases of employment discharge, the filing period begins to run on the date the employee is informed of the discharge, not on the date the discharge is effective. *Delaware State College v. Ricks,* 449 U.S. 250, 259–62, 101 S.Ct. 498, 504–06, 66 L.Ed.2d 431 (1980). Since a charge filed with the EEOC suffices to initiate state proceedings, *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the district court correctly treated plaintiffs' charge as filed with the IDHR on April 27, 1982. This was at least 182 days after he received notice of his discharge.

The question here is whether the 300-day limit of § 626(d)(2) applies to all cases brought in deferral states, or if the 180-day limit of § 626(d)(1) applies unless state proceedings have been instituted within either the state period or 180 days.[3] We hold the former to be the case.

We begin by noting that § 633(b) simply requires proceedings to "have been commenced under the State law." There is no explicit requirement in the statute that the aggrieved person file within the time limits specified by the state. Indeed, section 633(b) "requires only that the grievant *commence* state proceedings." *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 759, 99 S.Ct. 2066, 2073, 60 L.Ed.2d 609 (1979). The use of the term "commenced" in the statute indicates to us, as it did to the Supreme Court in *Oscar Mayer*, that the filing need not be timely. This conclusion is supported by analogy to the Federal Rules of Civil Procedure, under which an action may be commenced by the filing of a complaint even though it is not timely. FED.R.CIV.P. 3; *Oscar Mayer*, 441 U.S. at 759, 99 S.Ct. at 2073.

The last sentence of § 633(b) also supports this interpretation. That sentence provides that for purposes of the subsection an action will be deemed commenced at the time a written and signed statement of the facts upon which the proceeding is based is sent by registered mail to the appropriate state authority, even if the state authority imposes requirements other than such a statement for commencing proceedings. "State limitations periods are, of course, requirements 'other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based.'" *Oscar Mayer*, 441 U.S. at 760, 99 S.Ct. at 2073.[4] Thus Congress has explicitly excluded from the definition of "commenced" any state-imposed requirement of timeliness. *Id.*

Even if the language of the statute were not so clear, we would be required to reach this result under *Oscar Mayer, supra*. In *Oscar Mayer* the plaintiff had not filed with the appropriate state agency, but had filed his federal notice of intent to sue (the predecessor of the present EEOC charge) within 180 days. The Supreme Court held that even though the discharged employee had been given official advice to the contrary, he was required under § 633(b) to resort to state administrative remedies in deferral states in order to bring a private civil action. 441 U.S. at 758, 99 S.Ct. at 2072. The court went on, however, to consider the employer's argument that since the state period had expired there was no way the employee could commence state proceedings, and hence his federal action

---

**3.** For reasons that will become apparent further on, we must distinguish three possible rules:

(1) A complainant is entitled to the extended 300-day federal filing period only if he files a state claim within 180 days (whether or not it is timely).

(2) A complainant is entitled to the extended 300-day federal filing period only if he files a state claim within either the state filing period or 180 days.

(3) A complainant is entitled to the extended 300-day federal filing period so long as he files a state claim.

Since the Illinois filing period is 180 days, there is no difference in this case between rules (1) and (2). However, where the state filing period is greater than 180 days and the claimant files timely, but after 180 days, *see Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), rules (1) and (2) would give different results. We reject both rule (1) and rule (2), and adopt rule (3). This rule does not require timely state filing, regardless of the state period, nor state filing within 180 days, although plain-

tiffs are still required to commence state proceedings. This is the rule adopted on remand by the First Circuit, *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.) (per curiam), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981), after the Supreme Court vacated an earlier judgment, *Ciccone v. Textron, Inc.*, 616 F.2d 1216 (1st Cir.), *vacated and remanded*, 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980). In the earlier *Ciccone* opinion the First Circuit had rejected rule (3) and adopted a formulation ambiguous between rules (1) and (2). *See infra*, n. 5.

**4.** This would be the case, at least, if timeliness were a requirement for bringing an action. Instead, untimeliness is usually an affirmative defense which insulates the defendant from liability. Thus, in general, timeliness is not a requirement for bringing an action, but rather for winning one. *See Oscar Mayer & Co.*, 441 U.S. at 760, 99 S.Ct. at 2073.

was jurisdictionally barred. The Court rejected the employer's argument, as well as the employee's argument that his tardiness was to be excused as based on incorrect advice from the Department of Labor, as beside the point. 441 U.S. at 759, 99 S.Ct. at 2073. The court held that the employee "is not required by § 14(b) [of the ADEA, 29 U.S.C. § 633(b),] to commence the state proceedings within time limits specified by state law." 441 U.S. at 753, 99 S.Ct. at 2070.

The rule that the timeliness of a plaintiff's state charge is irrelevant to whether he gets the extended 300-day federal charge-filing period (rule (3)), is now the law in at least five federal circuits. *Jones v. Airco Carbide Chemical Co.,* 691 F.2d 1200 (6th Cir.1982); *Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *Ciccone v. Textron, Inc.,* 651 F.2d 1 (1st Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981); *Goodman v. Heublein, Inc.,* 645 F.2d 127 (2d Cir.1981); *Davis v. Calgon Corp.,* 627 F.2d 674 (3d Cir.1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981). Three additional circuits have applied the same rule in Title VII actions, which are governed by virtually identicial statutory provisions, 42 U.S.C. §§ 2000e–5(c) and (e). *Smith v. Oral Roberts Evangelistic Association, Inc.,* 731

F.2d 684 (10th Cir.1984); *Citicorp Person-to-Person Financial Corp. v. Brazell,* 658 F.2d 232 (4th Cir.1981); *Owens v. Ramsey Corp.,* 656 F.2d 340 (8th Cir.1981). Illinois Tool can direct us to no circuit court decisions imposing a different rule, and our research has uncovered none.

The development of this rule in the First and Sixth Circuits is instructive. Each circuit had adopted a rule similar to that urged on us by Illinois Tool and had rejected the rule we adopt here. *Ciccone v. Textron, Inc.,* 616 F.2d 1216 (1st Cir.), *vacated and remanded,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980); *Ewald v. Great Atlantic and Pacific Tea Co.,* 620 F.2d 1183 (6th Cir.), *vacated and remanded,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980). In each of these earlier decisions the court adopted the rule that a plaintiff had to file his state charge within the state period, or 180 days if that was longer, in order to be able to take advantage of the extended 300-day period for filing his charge with the EEOC.[5] Both courts explicitly refused to follow *Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir.1979), and adopt the rule developed there that a plaintiff in a deferral state had 300 days to file charges with the EEOC whether or not his state proceedings were timely commenced. *Ciccone,* 616 F.2d at 1221; *Ewald,* 620 F.2d at 1186. (The *Bean* rule is rule (3) of n. 3 *supra.*) The Su-

---

**5.** In *Ciccone,* the First Circuit adopted the rule that a complainant is not entitled to the extended 300-day federal filing unless he "has diligently sought a state administrative remedy—if not within the state's limitations period, then at least within the generally longer 180 days afforded plaintiffs in a nondeferral state." *Ciccone,* 616 F.2d at 1220. This formulation is ambiguous and, where the state filing period is greater than 180 days, it could express either of two rules:

    (1) A complainant is entitled to the extended 300-day federal filing period only if he files a state claim within 180 days (whether or not it is timely).

    (2) A complainant is entitled to the extended 300-day federal filing period only if he files a state claim within either the state filing period or 180 days.

These are the rules (1) and (2) of n. 3 *supra.* Since Ciccone filed his state claim untimely and

after 180 days, the result in his case is the same under either of these rules. For that reason, the First Circuit expressly refused to decide whether an "exception" should be made to its rule, allowing the extended federal period to a plaintiff who had filed a timely state claim but filed it after 180 days. 616 F.2d 1220 n. 7. This "exception" is precisely the difference between rules (1) and (2). Thus the First Circuit left open the question which of these rules it had adopted.

In *Ewald,* the Sixth Circuit stated that it and the First Circuit had reached the same result. *Ewald,* 620 F.2d at 1187 n.*. However, apparently not noticing the ambiguity and reservation, it adopted rule (1). "The extended (300-day) period for notification of intent to sue is not available to a deferral state claimant who fails to commence state proceedings within 180 days after the alleged act of discrimination." 620 F.2d at 1187 (footnote omitted).

preme Court summarily vacated both decisions, and remanded both for reconsideration in light of its decision in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

In *Mohasco*, the Supreme Court considered provisions of Title VII of the Civil Rights Act of 1964 that are virtually identical to the provisions of the ADEA here in question. *See* 42 U.S.C. §§ 2000e–5(c) and (e). The actual issue in *Mohasco* was when a charge was deemed "filed" with the EEOC to determine if it was timely. Plaintiff initially filed a charge with the EEOC, more than 240 but less than 300 days after the alleged wrongful act. The EEOC forwarded the charge to the appropriate state agency within the one-year state filing period. Thus there was no question that the plaintiff was entitled to the extended 300-day federal period. 447 U.S. at 815–17, 100 S.Ct. at 2491–93. Rather, the question was whether he had complied with it. The Court concluded he had not, reasoning that 42 U.S.C. § 2000e–5(c), which prohibits the filing of an unfair employment practice charge with the EEOC until after the appropriate state agency has had sixty days to consider the charge, precludes treating the initial filing which was referred to the state agency as a filing with the EEOC. Since that initial filing was more than 240 days after the alleged wrongful act, the earliest the charge could be filed with the EEOC was more than 300 days after the act, and so plaintiff's suit was barred. 447 U.S. at 815–17, 100 S.Ct. at 2491–93. In explaining its decision, the Court stated that "a complainant in a deferral State ... need only file his charge within 240 days of

the alleged discriminatory employment practice in order to insure that his federal rights will be preserved." 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16. Presumably, if the Court thought that the complainant was also required to file a timely state charge it would have said so, or at least not said that filing within 240 days was all the complainant was required to do. *But see Lowell v. Glidden-Durkee, Division of SCM Corp.*, 529 F.Supp. 17, 24–26 (N.D.Ill. 1981) (arguing *Mohasco* adopts rule (2) not rule (3)).

Following vacation of their judgments in *Ewald* and *Ciccone*, with directions to reconsider in light of *Mohasco*, both the Sixth and First Circuits adopted the rule they had earlier rejected, holding that a plaintiff had 300 days to file his federal charge in a deferral state, whether or not his state filing was timely (rule (3)). *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200 (6th Cir.1982); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.) (per curiam), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981).

Illinois Tool argues that certain dicta in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), show that both the First and Sixth Circuits have misinterpreted the meaning of the Supreme Court's remand.[6] We are asked to believe that the Court meant only to give the two circuits a chance to correct dicta in their opinions in which they cited with approval a case that adopted a 180-day state filing cut-off in all instances, regardless of the length of the state filing period. Illinois Tool Br. 20–21 n. 20; *see also Lowell*, 529 F.Supp. at 24–26.

**6.** Illinois Tool refers us to two passages. The EEOC, as *amicus*, argued that since Delaware was a deferral state, Ricks was entitled to 300 days to file his complaint, and that his complaint was timely. (It was conceded it would not be timely if the 180-day period applied.) However, due to its disposition of the major issue of the case, which was when the period began to run, the Court said it "need not decide whether Ricks was entitled to 300 days to file under Title VII. Counting from the June 26 date, Ricks' filing with the EEOC was not timely even with the benefit of the 300-day period." 449 U.S. at 260 n. 13, 101 S.Ct. at 505 n. 13. The

second passage is at 449 U.S. at 263 n. 2, 101 S.Ct. at 507 n. 2 (Stewart, J., dissenting), which states that "Ricks would arguably have had to make a timely filing with the state agency" to benefit from the extended 300-day period. Illinois Tool contends that these passages suggest that the question whether state filings under Title VII must be timely has not been settled, and imply, given the similarities in the statutes, that it has not been settled under the ADEA either. We note that the First Circuit was aware of this language when considering the meaning of the Supreme Court's action. *Ciccone*, 651 F.2d at 1.

This explanation seems implausible to us. There is a strong reason for believing that the Court did not vacate the original *Ciccone* and *Ewald* decisions because they required state filing within 180 days in order to qualify for the 300-day federal period even if the state period was greater than 180 days (rule (1)). That might be the Court's meaning if both circuits had adopted such a rule. However, the First Circuit in its original *Ciccone* opinion had expressly considered the possibility that a state period could be greater than 180 days, and that a claimant might file his state claim timely but more than 180 days after the unlawful act. 616 F.2d at 1220 n. 7. The court said that it did not have to consider such an exception to the rule requiring state filings to be timely or within 180 days if longer, since the state period in the case before it was shorter than 180 days and plaintiff had not filed timely, or even within 180 days. *Id.* That is, the result in the first *Ciccone* decision would be the same whether the exception was adopted or rejected, i.e., whether rule (1) or rule (2) was adopted. Since the opinion explicitly considers a hypothetical in which the state filing is timely but later than 180 days, and does not preclude relief in such cases, only a misreading of the opinion allows one to say that the Supreme Court vacated the judgment because the opinion indicated that relief should be denied in such cases. In other words, the Supreme Court did not vacate a correct judgment because, as Illinois Tool erroneously asserts, the First Circuit made an incorrect observation.

Instead, the Court vacated the *Ciccone* judgment because it was incorrect. This can be made clear as follows. In *Ciccone*, the plaintiff filed his state claim untimely and after 180 days. Thus, the First Circuit did not have to consider whether the rule should be that the 300-day period is available only if the state filing was within 180 days (rule (1)), or that the extended period is available only if the state filing is either timely or within 180 days (rule (2)). Under either rule the plaintiff would lose. The First Circuit, in the first *Ciccone* decision, rejected the rule that the 300-day federal period is available regardless whether the state proceedings have been commenced either timely or within 180 days (rule (3)). That rule had been satisfied, and, if it had been adopted, the plaintiff would have won.

*Mohasco* presented the hypothetical on which decision was reserved in *Ciccone*. The plaintiff filed his state claim timely but after 180 days. Thus, he satisfied both rule (2) and rule (3) but not rule (1). If the Supreme Court in *Mohasco* had adopted rule (2), as argued by Illinois Tool and the district court in *Lowell*, 529 F.Supp. at 24–26, there would have been no reason to vacate *Ciccone*. In a future case arising in the First Circuit where a plaintiff was in the *Mohasco* situation, *Mohasco*, a Supreme Court decision adopting (arguendo) rule (2), rather than *Ciccone*, a circuit court decision explicitly reserving decision between rules (1) and (2), would control. In *Ciccone* itself, the result is the same whether rule (1) or rule (2) applies, and the First Circuit had in fact reached that result. If, on the other hand, *Mohasco* adopted rule (3), as we believe, then *Ciccone* was incorrectly decided. The First Circuit had rejected rule (3) and that rule would lead to a different result in *Ciccone*. Therefore, since *Ciccone* was vacated, it must have been because *Mohasco* adopted rule (3). We conclude that the First and Sixth Circuits were correct in their interpretations of the meaning of the Supreme Court's actions.

We agree with the First Circuit that the rule expressed by its formulation, whichever it might be, might be more defensible as a matter of policy than a blanket 300-day federal period whether or not the state charge is filed either timely or within 180 days. 651 F.2d at 1; *see also Lowell, supra*, 529 F.Supp. at 24–26 (rule (2) more defensible than rule (3)). But we also agree with it that "there is something to be said for trying to achieve uniformity, even if the rule adopted may seem less than optimal." 651 F.2d at 2. In any event, the Supreme Court in *Oscar Mayer* has disposed definitively of the issue and defend-

ant's efforts to distinguish *Oscar Mayer* are not persuasive. We therefore hold that a plaintiff in a deferral state is entitled to the extended 300-day period of § 626(d) in which to file his federal charge with the EEOC in order to preserve his private right of action.

For the reasons given above, we REVERSE the order of the district court, and REMAND for further proceedings consistent with this opinion.