**EQUAL EMPLOYMENT OPPORTUNI- TY COMMISSION, Applicant,**

v.

**TEMPEL STEEL COMPANY, Respondent.**

No. 85 C 8276.

United States District Court, N.D. Illinois, E.D.

Feb. 18, 1986.

was formerly implemented under 28 U.S.C. § 2281. That statute, however, was repealed in 1976.

John P. Rowe, Kathleen Mulligan, Marvin Benton, E.E.O.C., Chicago, Ill., for applicant.

William M. Stevens, Janet A. Stiven, Rooks, Pitts & Poust, Chicago, Ill., for respondent.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is plaintiff EEOC's petition for rule to show cause why the EEOC's subpoena duces tecum No. CH 84-60, as modified, should not be enforced. Jurisdiction is conferred upon this Court by Section 706(f)(3) and 710 of Title VII, 42 U.S.C. §§ 2000e–5(f)(3) and 9. The EEOC's petition is granted for the reasons stated herein. Tempel Steel's motion to dismiss the EEOC's petition for rule to show cause is denied. Similarly, Tempel Steel's motion to quash the EEOC's administrative subpoena is also denied.

## FACTS

Michael Austin was employed by Tempel Steel prior to a company-wide layoff. Austin was fired during this layoff period. Austin filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging he was discriminated against because of his race. This charge was based on an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Austin filed his complaint with the EEOC more than 180 days but less than 300 days after the discriminatory act.

The EEOC referred the discrimination complaint to the Illinois Department of Human Rights ("IDHR"). The IDHR is a state agency authorized to remedy employment discrimination based on race and national origin. The IDHR declined to process Austin's charge because Austin failed to file the complaint within the IDHR's 180-day filing period. Thereafter, the EEOC assumed jurisdiction and began investigating. The EEOC requested numerous documents from Tempel Steel during its investigation. When Tempel Steel refused to comply, the EEOC brought this action to compel Tempel Steel to produce the desired documents.

The precise issue before this Court is whether a complainant who fails to file a timely racial discrimination claim with the IDHR is entitled to the extended 300-day federal filing period in which to file with the EEOC.

## DISCUSSION

### 1. *Jurisdiction*

Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e) (1976), provides:

A charge under [Title VII] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law ...

It is undisputed that Austin's race discrimination claim with the EEOC was filed more than 180 days, but less than 300 days after Tempel Steel allegedly discriminated against Austin because he was black. It is equally undisputed that Austin's claim was referred to the Illinois Department of Human Rights ("IDHR") by the EEOC more than 180 days, but less than 300 days after Tempel Steel allegedly discriminated against Austin.

Tempel Steel moves to dismiss the EEOC's petition on the grounds that Austin's claim was not filed with the EEOC within 180 days of the alleged discriminatory act. Tempel Steel argues that Austin is not entitled to the benefit of the extended 300-day filing period with the EEOC be-

cause Austin failed to file a timely claim with the IDHR.

EEOC, in contrast, contends that the 300-day extended time limit applies to Austin's complaint. EEOC believes a racial discrimination claim is timely filed in a deferral state, such as Illinois, when the complaint is filed with the EEOC within 300 days of the violation. EEOC maintains that the 300-day limit applies regardless of whether the discrimination claim is timely filed under Illinois law.

This Court holds that a Title VII complainant whose claim arose in a deferral state is entitled to the extended 300-day federal filing period. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). A complainant is not required to have diligently sought a state administrative remedy. This Court believes that allowance of the extended period is the most reasonable and consistent interpretation of the intractable statute. This holding is also supported by a growing majority of the circuit courts that have addressed this issue.

In *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Supreme Court addressed this issue. In *Mohasco*, the court was faced with an almost identical set of facts before this Court. In *Mohasco*, the court stated, "[a] complainant in a deferral state ... need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved." *Id.* at 814, n. 16, 100 S.Ct. at 2491, n. 16. Timely filing with the state agency was not mandatory.

Tempel Steel correctly points out that the facts in *Mohasco* are slightly different from the facts before this Court. In *Mohasco*, the complainant initiated state proceedings within the state filing period, 365 days; whereas, the complainant in the instant matter did not file timely with the IDHR. Nevertheless, the Supreme Court's rationale in *Mohasco* strongly suggests, if it does not compel, the conclusion that the extended 300-day filing period is to be applied in situations such as the instant case.

In addition, this Court is persuaded by the holdings in numerous circuit courts. Three different circuits have addressed this filing issue and have held that a complainant in a deferral state is entitled to the extended 300-day federal filing period regardless of the timeliness of the complainant's state filing. *See Smith v. Oral Roberts Evangelistic Association, Inc.*, 731 F.2d 684 (10th Cir.1984); *Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232 (4th Cir.1981); *Owens v. Ramsey Corp.*, 656 F.2d 340 (8th Cir.1981).

Recently, the Seventh Circuit addressed this identical issue in a claim arising out of the Age Discrimination in Employment Act ("ADEA"). *Anderson v. Illinois Tool Works*, 753 F.2d 622 (7th Cir.1985). In *Anderson*, the complainant filed a complaint with the EEOC within 300 days of the alleged unlawful act. However, the complainant failed to timely file with IDHR within its 180-day filing period. Nevertheless, the Seventh Circuit held that the complainant's filing with the EEOC was timely even though no complaint had been filed with IDHR within its 180-day time period. Although the Seventh Circuit's *Anderson* decision only addressed an ADEA claim, this Court believes it should also be extended to Title VII claims. This Court finds the language and logic of the opinion compelling in light of ADEA's and Title VII's virtually identical statutory provisions.

In sum, this Court holds, on the authority of *Mohasco* and its progeny, that the 300-day federal filing period is applicable to complainants in deferral states, regardless of the timeliness of a complainant's state agency filing. In the instant case, Austin's complaint was timely filed because Austin filed the complaint with the EEOC within 300 days of the discriminatory act.

### 2. *Petition*

The EEOC having filed an application for an order requiring Tempel Steel to show cause why the EEOC's subpoena No. CH 84–60, as modified by the EEOC's denial of Tempel Steel's appeal, should not be enforced, said subpoena and the EEOC's sub-

sequent denials of Tempel Steel's petition to revoke and appeal of determination of petition to revoke having duly served upon Tempel Steel on or about December 31, 1981, March 18, 1985, and July 15, 1985, respectively, and good cause appearing therefore:

It is hereby ordered that Tempel Steel appear before this Court on the 10th day of March, 1986, at 9:30 a.m. and show cause why an order of this Court should not be issued directing it to comply with subpoena No. CH 84–60, as modified by the EEOC's denial of Tempel Steel's appeal on a date set by this Court.

It is further ordered that service upon Tempel Steel of a copy of this order and of the papers upon which the same is granted on or before the 21st day of February, 1986, shall be sufficient service of this order.

IT IS SO ORDERED.