*Carl Valvo,* Assistant Attorney General, for the interveners.

THOMAS R. BOUSQUET vs. POLYFORM CORPORATION. December 10, 1987. *Employment,* Discrimination.

The plaintiff, Thomas R. Bousquet, was terminated from his employment by the defendant, PolyForm Corporation, on January 31, 1985. On October 19, 1985, 261 days after his termination, he filed an age discrimination complaint with the Massachusetts Commission Against Discrimination (MCAD). On November 4, 1985, MCAD dismissed the complaint as untimely under its six-month limitation statute. See G. L. c. 151B, § 5 (1986 ed.). On or before November 15, 1985, the 288th day, the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC).[1] Thereafter, he commenced this action seeking relief only under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621-634 (1982). A judge in the Superior Court granted the defendant's motion for summary judgment. The plaintiff appealed. We granted the plaintiff's application for direct appellate review. We reverse.

We adopt the uniform view taken by every Federal circuit court to decide the issue and hold that, under the Supreme Court's decisions in *Oscar Mayer & Co.* v. *Evans*, 441 U.S. 750 (1979), and *Mohasco Corp.* v. *Silver,*

---

[1] Under the ADEA, a party must file a complaint with the EEOC as a condition precedent to suit. 29 U.S.C. § 626(d)(2). The statute also requires commencement of proceedings under State law in a State with a law prohibiting age discrimination in employment, a so-called deferral State. 29 U.S.C. § 633(b) (1982).

447 U.S. 807 (1980), construing the ADEA and the analogous provisions of Title VII of the Civil Rights Act of 1964, respectively, the timeliness of the State filing is irrelevant, and the 300-day period applies.[2]

Were we writing on a clean slate, we might consider a construction of the ADEA which preserves the integrity of the State agency process rather than rendering it irrelevant at the election of the plaintiff. But in the face of the uniformity of construction of this Federal statute, we decline to do so. So with the same reservations expressed by other courts, see *Ciccone* v. *Textron, Inc.*, 651 F.2d 1, 2 (1st Cir.), cert. denied, 452 U.S. 917 (1981); *Anderson* v. *Illinois Tool Works, Inc.*, 753 F.2d 622, 628-629 (7th Cir. 1985); *Thomas* v. *Florida Power & Light Co.*, 764 F.2d 768, 771 (11th Cir. 1985), we hold that the plaintiff's Federal claim was timely filed. The judgment of the Superior Court is reversed and the case is remanded for further proceedings.[3]

*So ordered.*

*Mark I. Zarrow* for the plaintiff.
*David A. Talman* for the defendant.

---

[2]See, e.g., *Ciccone* v. *Textron, Inc.*, 651 F.2d 1 (1st Cir.), cert. denied, 452 U.S. 917 (1981) (ADEA); *Goodman* v. *Heublein, Inc.*, 645 F.2d 127 (2d Cir. 1981) (ADEA); *Davis* v. *Calgon Corp.*, 627 F.2d 674 (3d Cir. 1980) (ADEA); *Jones* v. *Airco Carbide Chem. Co.*, 691 F.2d 1200 (6th Cir. 1982) (Title VII); *Anderson* v. *Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir. 1985) (ADEA); *Owens* v. *Ramsey Corp.*, 656 F.2d 340 (8th Cir. 1981) (Title VII); *Aronsen* v. *Crown Zellerbach Corp.*, 662 F.2d 584 (9th Cir. 1981) (ADEA); *Smith* v. *Oral Roberts Evangelistic Ass'n*, 731 F.2d 684 (10th Cir. 1984) (Title VII); *Thomas* v. *Florida Power & Light Co.*, 764 F.2d 768 (11th Cir. 1985) (Title VII).

[3]To the extent that the defendant relied and the Superior Court may have relied on *Mouradian* v. *General Elec. Co.*, 23 Mass. App. Ct. 538 (1987), for the proposition that an ADEA claim is invalid if not timely filed with the MCAD, such reliance is not availing. Although the plaintiff in *Mouradian* had charged violations of both the ADEA and G. L. c. 151B in his MCAD filing, the subsequently filed court action did not assert an ADEA claim. The validity of an ADEA claim was therefore not before the Appeals Court.