Laaman v. Powell                        CV-75-258-SD  02/09/95
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Jaan Laaman, et al

     v.                                        Civil No. 75-258-SD

Ronald Powell, et al


                              O R D E R


     This order addresses the issues raised by certain pending

motions.


1.  Plaintiffs' Motion to Compel (document 440)

     a.  Background

     In this litigation, plaintiffs, inmates at the New Hampshire

State Prison (NHSP) claim that defendants, supervisory

correctional officials at NHSP, have failed to comply with the

terms of a consent decree entered into between the parties.  In

preparation for trial of the relevant issues, plaintiffs seek

discovery of documents and reports of the Quality Assurance

Program (QA) of the New Hampshire Department of Corrections

(NHDOC).  Document 440.  Plaintiffs also seek to compel

deposition testimony concerning such materials.  Id.  The

defendants object.  Document 443.

Plaintiffs argue that the QA is an integral part of the consent decree and that, without production of the requested information, they are unable to properly prepare and present their case. Defendants counter by contending that disclosure of the QA materials will vitiate the confidentiality protections of the QA with resultant unwillingness of participants to render constructive criticism and will further cause breakdown of QA.[1] Accordingly, defendants suggest that the court apply the so-called "self-critical analysis privilege" to bar production of the requested materials. See <u>Reichhold Chem., Inc. v. Textron, Inc.</u>, 157 F.R.D. 522 (N.D. Fla. 1994).[2]

b. <u>Discussion</u>

The liberal discovery procedures in federal court provide that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(b)(1), Fed. R. Civ. P. This rule

---

[1]Defendants suggest that the "raw data" provided plaintiffs via the deposition testimony of QA managers Nancy Donnelly and Lisa Angelini (Defendants' Exhibits C1, C2, D1, D2) are sufficient to allow plaintiffs to properly prepare and present their case. The court, having read the 506 pages of such testimony, respectfully disagrees.

[2]The defendants concede that the statutory confidential protections afforded hospital committees, New Hampshire Revised Statutes Annotated (RSA) 151:13-a, do not apply to the QA of NHDOC.

2

is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

The broad power of the court to control discovery, Santiago v. Fenton, 891 F.2d 373, 379 (1st Cir. 1989), is exercised by weighing discovery burdens against the likelihood of finding relevant material. Waltham v. United States Postal Service, 11 F.3d 235, 243 (1st Cir. 1993) (citing Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 186-87 (1st Cir. 1989)).

The documents and testimony here sought are clearly relevant to the issues raised in the underlying litigation. As plaintiffs assert, this "information is necessary for proper evaluation of the adequacy, quality, and appropriateness of health services provided under the Consent Decree." Document 440, at 2. See Garrity v. Thomson, 81 F.R.D. 633, 636 (D.N.H. 1979).

Governed by Rule 501, Fed. R. Evid.,[3] evidentiary privileges

---

[3]Fed. R. Evid. 501 provides in relevant part:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil

are to be strictly construed and should not be created and applied absent their ability to promote "'sufficiently important interests to outweigh the need for probative evidence . . . .'" University of Pennsylvania v. EEOC, 493 U.S. 182, 189 (1990) (citing and quoting Trammel v. United States, 445 U.S. 40, 51 (1980)). See Smith v. Alice Peck Day Mem. Hosp., 148 F.R.D. 51 (D.N.H. 1993).[4]

In ascertaining whether the "self-critical analysis privilege", Reichhold Chemicals, supra, 157 F.R.D. at 524-27, should be here applied, it is useful to follow the two-part inquiry for recognition of a state evidentiary privilege as a matter of federal common law. In re Hampers, 651 F.2d 19, 22-23 (1st Cir. 1981). As ably paraphrased by Judge Barbadoro in Smith v. Alice Peck Day Mem. Hosp., supra, the inquiry is, "1. Would the New Hampshire courts recognize the privilege? . . .

---

actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law.

[4]It is well established that in cases like the present, involving federal questions, the primary reference should be to federal law on the issue of the existence and scope of an asserted privilege. Pagano v. Oroville Hosp., 145 F.R.D. 683, 687-88 (E.D. Cal. 1993) (citing cases). But the policy of comity impels federal courts to recognize state privileges where such recognition can be accomplished without substantial cost to federal substantive and procedural policy. Id.

4

2.  Is the asserted privilege 'intrinsically meritorious' in the federal court's own judgment?"  Id., 148 F.R.D. at 54, 55.

Although in construing the statutory quality assurance privilege detailed in RSA 151:13-a, supra, in the context of a medical negligence case, the New Hampshire court included dicta seemingly approving "self-critical analysis," In re "K", 132 N.H. 4, 10, 561 A.2d 1063, 1067 (1989), I remain doubtful that the courts would recognize the privilege in the circumstances of the instant litigation.  However, I find it unnecessary to definitively answer the first inquiry, as it is clear that the fourth element of the "intrinsically meritorious" inquiry is not here present.  Smith v. Alice Peck Day Mem. Hosp., supra, 148 F.R.D. at 55-56.  Otherwise put, the harm caused by disclosure of the records and testimony here sought by plaintiffs is not greater than the benefit thereby gained for the correct disposition of the litigation.  In re Hampers, supra, 651 F.2d at 22-23.  Accordingly, I find that the "self-critical analysis" privilege is not applicable to the circumstances currently before me, and that the motion to compel must be granted.

There is, however, justification in defendant's concerns of breach of confidentiality.  Therefore, the parties are directed within thirty (30) days of this order to enter into a stipulated protective order providing for disclosure of the requested

5

discovery by insuring the privacy of those whose records and reports are to be disclosed, as well as protecting the identities of contributors to the QA materials.  The use of code numbers or a comparable system to ensure privacy might well be found to be helpful.

The information disclosed pursuant to this order shall be designated as "Confidential Material" and shall be used solely in connection with this litigation or related appellate procedures, and not for any other purpose.  The "Confidential Material" shall be disclosed only to counsel for the respective parties, their staffs, and such experts as require access to the disclosed materials for the purpose of formulating opinions.  No disclosure of the "Confidential Material" is to be made to any party litigant, and, at the conclusion of the litigation, all copies of the "Confidential Material" are to be retrieved and returned to defendants' counsel.

2.  The Davias Motion for "Contempt Enjoiner" (document 429)

NHSP inmate Erico Davias, a/k/a Eric Davis, seeks, by medium of pro se motion, to advance his individual complaints concerning the conditions at NHSP.  Treating the motion as a motion to intervene in the instant case, the court herewith denies said motion.

The court will, however, allow the complaints set forth in the motion to be separately considered. Accordingly, the clerk is directed to separately docket the motion as a complaint, and the matter is herewith referred to the magistrate judge for such further action as may be necessary.

## 3.  The Giordano Motion for Injunctive Relief (document 436)

Vincent Giordano, another inmate of NHSP, similarly seeks to add his individual complaints to the instant litigation by medium of a pro se motion. Construed also as a motion to intervene, the motion is denied.

The court will, however, provide Mr. Giordano consideration of his complaints separately, and the clerk is therefore directed to separately docket the Giordano motion as a complaint, and the matter is also referred to the magistrate judge for such further action as may be necessary.

## 4.  Conclusion

For the reasons hereinabove outlined, the court has granted the plaintiffs' motion to compel production of the Quality Assurance documents and testimony. Document 440. The parties have been directed to enter into a protective order seeking to protect confidentiality and identity as much as possible. Each

side is to bear its own fees and costs for services rendered concerning the filing and resolution of the plaintiffs' motion.[5]

The Davias motion has been denied, but the matter is to be separately considered and has been referred to the magistrate judge.  The Giordano motion has also been denied, but it too is to be separately considered and is referred to the magistrate judge.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 9, 1995

cc:  Alan Linder, Esq.
     Daniel J. Mullen, Esq.
     Erico Davias, pro se
     Vincent Giordano, pro se

_____

[5]Although the court does not here adopt defendants' arguments, the court finds that defendants' advancement of the self-critical analysis privilege to be nonfrivolous and to have been properly interposed at this stage of the litigation.

8